IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERI A. RAVENSCROFT,<br><br>Plaintiff,<br><br>vs.<br><br>RICHELLE CELLAR, in his/her individual/official capacity; TRENT HILL, in his/her individual/official capacity; KEVIN DENNEY, in his/her individual/official capacity; KARI FISK, in his/her individual/official capacity; STACY NONHOF, in his/her individual/official capacity; ROGER STEELE, in his/her individual/official capacity; and CITY OF GRAND ISLAND,<br><br>Defendants. | **4:25CV3100**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Complaint, Filing No. 1.  Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5.  The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).  Also before the Court are Plaintiff's Motion for Temporary Restraining Order, Filing No. 3, and Objection to General Order 2025-01, Filing No. 7.

## I.  SUMMARY OF COMPLAINT

Plaintiff Sheri A. Ravenscroft brings this action under 42 U.S.C. § 1983 against police officers Richelle Cellar, Trent Hill, and Kevin Denney.  Filing No. 1 at 1.  Though not stated in the Complaint, Ravenscroft's supplemental materials[1] suggest that each is an officer in the Grand Island Police Department ("GIPD") (the officers will be collectively

---

[1] Ravenscroft filed Supplemental Exhibits, Filing No. 6, in support of her Complaint.

referred to as the "GIPD Officers"). *See* Filing No. 6 at 4, 9. Ravenscroft also sues Kari Fisk, the Grand Island City Attorney; Stacy Nonhof, an assistant city attorney; and Roger Steele, the mayor of the City of Grand Island, Hall County. Filing No. 1 at 1. Finally, Ravenscroft names the City of Grand Island, Hall County. *Id.*

Ravenscroft claims that Defendant[2] unlawfully seized Ravenscroft's 2004 International Blue Bird Bus Model 3000 Series 3800 (the "Bus"). *Id.* at 2. The Complaint contains very few factual allegations to support her claim. However, Ravenscroft's supplemental materials contain several Affidavits addressed to Defendants Cellar, Hill, Fisk, and Nonhoff, that describe some of the facts surrounding Ravenscroft's claims.

As best the Court can discern, on April 26, 2024, a family friend granted Ravenscroft permission to park the Bus on the friend's property. Filing No. 6 at 5. On June 25, 2024, Ravenscroft was told she had twenty-four hours to move the Bus. *Id.* On June 26, 2024, Ravenscroft moved the Bus, and on June 28, a friend notified Ravenscroft that "code enforcement" tagged the bus for a code violation. *Id.* Ravenscroft's supplemental materials appear to include a copy of the notice of a code violation, which is dated June 28, 2024, and signed by code enforcement officer "603." *Id.* at 1. The notice indicates Ravenscroft's property has been found to be in violation of Grand Island City Code sections 22-13 (unregistered vehicle) and 22-99 (72 hour parking) and instructs Ravenscroft to "[p]lease license [and] move" her property within 5 days and warns that "[f]ailure to correct this violation may result in charges being filed/towing of vehicle." *Id.*

On July 2, 2024, Ravenscroft went to the police department and spoke with "officer #603," *Id.* at 5, who Ravenscroft later learned was Officer Cellar. *Id.* Ravenscroft

---

[2] The Complaint does not specify which Defendant allegedly made the illegal seizure.

2

complained to Cellar and asked to be shown a "law" that required Ravenscroft to register her personal property.  *Id.*  Cellar explained that registration was required by "code," and threatened to have the Bus towed.  *Id.*  Ravenscroft disputed Cellar's assertion and told Cellar that "code" was not "law."  *Id.*

On July 3, 2024, a friend notified Ravenscroft that the Bus was being towed.  *Id.* On July 11, 2024, Ravenscroft returned to the police station to get Officer Cellar's name and the names of her superiors.  *Id.* at 2-3.  Sergeant Hill then asked Ravenscroft to follow him to an interview room, where he questioned her as to why Ravenscroft needed Officer Cellar's name.  *Id.* at 3.  Ravenscroft explained that she needed the names for her affidavits, and Sergeant Hill said Ravenscroft would have to go to City Hall to get that information.  *Id.*  Ravenscroft eventually obtained the information she sought.  *Id.*

Ravenscroft prepared her affidavits and returned to City Hall on July 24, 2024.  *Id.* at 21.  Ravenscroft requested that the officers be called to City Hall so Ravenscroft could hand-deliver her affidavits.  *Id.*  The City Attorney, Kari Fisk, refused to deliver the affidavits, and refused to keep a copy of the affidavits for the City's records.  *Id.*

Ravenscroft alleges she was prevented from building the Bus into her home because it was stolen from her.  *Id.* at 17.  She has suffered stress from homelessness and her ability to work has been affected.  *Id.*  She alleges the City has not provided any proof that she broke any law.  *Id*.

Ravenscroft asserts three causes of action. First, Ravenscroft claims the seizure was made without probable cause or a warrant, in violation of Ravenscroft's Fourth Amendment rights.  Filing No. 1 at 2.   Second, she claims the Bus was seized without prior notice or a hearing, in violation of Ravenscroft's Fourteenth Amendment right to due

3

process. *Id.* Finally, she asserts that the seizure amounted to conversion under Nebraska Revised Statute § 28-511. *Id.* Ravenscroft seeks $2,010,000 in compensatory damages, and $5,000,000 in punitive damages. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should

4

construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF COMPLAINT

Liberally construing Ravenscroft's Complaint and supplemental materials, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). For her constitutional claims, Ravenscroft alleges Defendants violated her right to be free from unlawful seizures under the Fourth Amendment and right to due process under the Fourteenth Amendment.

### A. Claims Against City of Grand Island

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St.*

5

*Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

When filing a complaint, "a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).  Accordingly, failure "to specifically plead the existence of an unconstitutional policy or custom, in itself, is not fatal to [a plaintiff's] claim for relief." *Id*.  However, a plaintiff's "failure to include any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom renders the complaint deficient.'" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe*, 340 F.3d at 614).

Here, neither the Complaint nor any supplemental materials include any facts supporting an inference of an unconstitutional policy or custom.  The allegations, even construed liberally, expressly refer to a contained event: the seizure of the Bus without a warrant or due process.  No allegations suggest the acts or decisions of the City's

6

policymaking officials resulted in an unconstitutional policy or custom. Accordingly, Ravenscroft's claims against the City of Grand Island are dismissed.

**B. Claims Against Defendants in their Official Capacities**

Ravenscroft's § 1983 claims against the other Defendants in their official capacities are, as a matter of law, asserted against the City of Grand Island. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (proper to dismiss claims against city police officer sued in official capacity as redundant of claims against city); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."); *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, such claims will be dismissed for the same reason as Ravenscroft's claims against the City of Grand Island.

**C. Individual Capacity Claims**

The Court has carefully reviewed Ravenscroft's remaining claims, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional

7

facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Even construed liberally, Ravenscroft does not state a constitutional claim against any remaining Defendant in their individual capacity. Ravenscroft's first claim is that "Defendant" violated her Fourth Amendment rights by seizing the Bus without a warrant. Filing No. 1 a 2. However, "the automobile exception to the Fourth Amendment's warrant requirement permits the warrantless search or seizure of a vehicle by officers possessing probable cause to do so." *United States v. Soderman*, 983 F.3d 369, 375 (8th Cir. 2020) (citing *Chambers v. Maroney*, 399 U.S. 42, 51-52)). In other words, the lack of a warrant alone is not sufficient to state a violation of Ravenscroft's Fourth Amendment rights. Neither the Complaint nor the supplemental materials suggest any other Fourth Amendment violation. Accordingly, Ravenscroft's Fourth Amendment claim is subject to dismissal.

Ravenscroft also fails to provide sufficient factual support for her due process claim. The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "This clause has two components: the procedural due process

8

and the substantive due process components." *Stevenson v. Blytheville Sch. Dist. #5,* 800 F.3d 955, 965 (8th Cir. 2015) (internal quotation marks and citations omitted). "To establish a violation of procedural due process, [Ravenscroft] must prove (1) [Defendants] deprived [Ravenscroft] of life, liberty, or property; and (2) [Defendants] deprived [Ravenscroft] of that interest without sufficient process." *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir. 2004) (internal quotation marks and citation omitted).

Ravenscroft appears to allege that at least one of the Defendants seized the Bus without sufficient process. However, the allegations do not specify whether she received insufficient due process prior to the seizure, after the seizure, or both. In the context of a decision to tow a vehicle, the Eighth Circuit has held that pre-deprivation notice or a hearing is not required where post-deprivation notice is available. *See French v. Koch's Body Shop,* 170 Fed. Appx. 977, 978 (8th Cir.2006); *see also City of Los Angeles v. David,* 538 U.S. 715, 719 (2003) (per curiam) (concluding that pre-deprivation hearing on decision to tow is impossible if city is to be able to enforce parking rules); *Muhammed v. Routh Wrecker Serv.,* 14 F.3d 24, 25-26 (8th Cir.1994) (per curiam) (holding due process claim failed where towing company fulfilled its duties under state law by mailing notice of towing to last registered owner of vehicle, even though actual owner did not receive notice); *Propert v. District of Columbia,* 948 F.2d 1327, 1332-33 (D.C.Cir.1991) (concluding owners of towed vehicles are entitled to post-deprivation notice and hearing). Though Ravenscroft's supplemental materials suggest she received notice before the Bus was towed, *see, e.g.*, Filing No. 6 at 1, 5–6, the lack of such notice alone would not support a due process violation.

Further, Ravenscroft appears to have a post-deprivation remedy. "[W]here a random and unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy." *Allen v. City of Kinloch,* 763 F.2d 335, 336-37 (8th Cir.1985) (citing *Parratt v. Taylor,* 451 U.S. 527 (1980)). In Nebraska, a person seeking to recover possession of personal property may file a replevin action. Neb. Rev. Stat. § 25-1093. Because Ravenscroft has a meaningful post-deprivation remedy under Nebraska law, she has not stated a federal claim upon which relief may be granted.

Ravenscroft also seems to argue that Defendants violated her due process rights because she submitted an "Affidavit/Declaration of Truth" to several of the Defendants but has not received a response. *See* Filing No. 1 at 2; Filing No. 6. The "Declarations of Truth" purportedly require a response and list severe consequences for a failure to respond. *See, e.g.,* Filing No. 6 at 7 ("An un-rebutted affidavit stands as truth and fact before any court."). Ravenscroft's position is not supported by law and, to the extent she claims a due process violation because Defendants failed to respond to her "Declarations of Truth," she has not stated a claim.

Because Ravenscroft's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the Court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the Court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367 (c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims

"will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quotation omitted), and the Court finds no reason to make an exception here.

### IV.  MOTION FOR TEMPORARY RESTRAINING ORDER

Because Ravenscroft's claims are subject to dismissal, her Motion for Temporary Restraining Order ("TRO") must be denied.  Even if the Court were to consider the Motion, Ravenscroft has not shown that a TRO is necessary.   The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Ravenscroft's motion.  In *Dataphase*, the Eighth Circuit Court of Appeals, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest.  *Id.* at 114.  Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The Court has carefully reviewed the record and finds that Ravenscroft's allegations in this matter do not entitle her to preliminary injunctive relief.  For the reasons stated above, Ravenscroft has not shown a probability of success on the merits. Moreover, while the Court is sympathetic to the harms Ravenscroft identifies, *see* Filing No. 3 at 3, there is no indication that the harms are irreparable.  As noted above, she can file a replevin action under Nebraska law and, if successful, be awarded damages for

11

conversion of her property. *See Zelenka v. Pratte*, 912 N.W.2d 723, 727 (Neb. 2018). Accordingly, the Court will deny the Motion for TRO.

## V.  OBJECTION TO GENERAL ORDER

Ravenscroft objects to General Order No. 2025-01, Filing No. 5, because it lacks constitutional authority, violates her Fifth Amendment rights, unconstitutionally delegates unchecked power to law clerks, and imposes improper rules of administrative procedure on Ravenscroft.  Ravenscroft's arguments are difficult to discern, but she demands that the Court cite the specific constitutional provision that authorizes the Court to: "[c]lassify litigants as 'pro se' and impose restrictions on their rights; [d]eny due process under the Fifth Amendment (life, liberty, property); [o]perate as a private, for-profit corporation (Dun & Bradstreet listed) while masquerading as a constitutional court." Filing No. 7 at 2–3.

Ravenscroft's arguments are largely unintelligible and lack legal support.  She fails to identify any restriction upon her rights due to her status as a pro se litigant, nor does she provide any support for how she has been denied due process under the Fifth Amendment.  Moreover, the Court's power to issue general orders derives from its inherent power to administer its cases.  "It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

12

cases.'" *Id*. (quoting *Link v. Wabash R.*, 370 U.S. 626, 630-31 (1962)).  Having carefully reviewed Ravenscroft's Motion, the Court concludes it should be denied.

### VI.  CONCLUSION

In its present form, Ravenscroft's Complaint fails to state a claim upon which relief can be granted.  Additionally, Ravenscroft's allegations suggest she may be seeking to recover possession of personal property, which may be an appropriate replevin action under Neb. Rev. Stat. § 25-1093.  Thus, Ravenscroft may wish to dismiss this claim and file it in the appropriate state forum.

Nevertheless, if Ravenscroft wishes to proceed on her claims under § 1983, Ravenscroft shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states her constitutional claims.  The amended complaint must specify the capacity in which the Defendants and any additional defendants are sued and must set forth all of Ravenscroft's claims (and any supporting factual allegations).  To be clear, if Ravenscroft chooses to file an amended complaint, she must restate the relevant allegations of her Complaint, Filing No. 1, and any new allegations. Ravenscroft should be mindful to explain the relief she is seeking and to state the constitutional and jurisdictional basis for her claim.  Ravenscroft is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

If Ravenscroft fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Ravenscroft's claims pursuant to 28 U.S.C. § 1915(e) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1.   Ravenscroft shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the court dismissing this case without further notice to Ravenscroft.  In her amended complaint, Ravenscroft must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of Ravenscroft's claims (and any supporting factual allegations) against each Defendant.  Ravenscroft should be mindful to explain in her amended complaint what each Defendant did to her, when each Defendant did it, and how each Defendant's actions harmed her.  Ravenscroft should also be mindful to explain the relief she is seeking and to state the constitutional and jurisdictional basis for her claims.

2.   In the event Ravenscroft files an amended complaint, Ravenscroft shall restate the allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Ravenscroft is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3.   The Court reserves the right to conduct further review of Ravenscroft's claims pursuant to 28 U.S.C. §§ 1915(e) in the event she files an amended complaint.

4.   The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 20, 2026** —amended complaint due.

14

5.    Ravenscroft shall keep the Court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

6.    Ravenscroft's Motion for Temporary Restraining Order, Filing No. 3, is denied.

7.    Ravenscroft's Objection to General Order 2025-01, Filing No. 7, is overruled.


Dated this 18th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge